UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES NORMAN BONNER,

          Petitioner,

-vs-                                        Case No. 8:04-cv-1815-T-17TBM

JAMES V. CROSBY, JR.,

          Respondent.
_____

**ORDER**

This cause is before the Court on Petitioner James Norman Bonner's 28 U.S.C. § 2254 petition for writ of habeas corpus. Bonner challenges his conviction and sentence entered by the Sixth Judicial Circuit, Pasco County, Florida.

BACKGROUND

1991 Plea-Based Judgments

On July 8, 1991, Bonner entered nolo contendere pleas to the following offenses: burglary with battery in case no. 90-01575CFAES, burglary and grand theft in case no. 90-02587CFAES, throwing a deadly missile and four counts aggravated battery in case no. 90-03631CFAES, grand theft in case no. 90-3126CFAES, and burglary and grand theft in case no. 91-00356CFAES. (Exhs. 1-5)  He was adjudicated guilty and sentenced to an aggregate prison sentence of five and one-half years incarceration with the individual sentences running concurrently. Because Bonner did not take a timely appeal, his plea-based judgments became final thirty days later.

On or about May 22, 1992, Bonner filed a rule 3.850 motion for postconviction relief, which was summarily denied on July 14, 1992. No appeal was apparently taken from the adverse result. Bonner filed a second rule 3.850 motion, which he stated in his cover letter dated January 30, 1997, he had mailed to the state clerk's office on April 20, 1993.

On June 5, 1997, the state trial court that the April 20, 1993 motion was never filed; that even if it had been filed, the motion would have been untimely; and further, even if the motion had been timely, the motion would have been successive. (Exh. 6) Bonner appealed the procedural denial.

On August 20, 1997, the state district court of appeal per curiam affirmed the denial of rule 3.850 relief in case no. 97-02940. (Exh. 7). Bonner v. State, 698 So. 2d 849 (Fla. 2d DCA 1997) [table]. The mandate issued September 10, 1997. (Exh. 8)

Over a year later, Bonner filed a pro se petition dated December 30, 1998, in which he sought a belated appeal of his 1991 plea-based judgments. (Exh. 10) On April 23, 1999, the state district court of appeal denied the petition in case no. 99-00014 (Exh. 11), citing to Chase v. State, 779 So.2d 278 (Fla. 2d DCA 1998). Bonner v. State, So. 2d DCA (Fla. 2d DCA 1999).

On July 20, 2003, Bonner, through retained counsel, filed another rule 3.850 motion that was summarily denied on July 24, 2003. (Exh. 13) Bonner appealed the summary denial (Exh. 14), and on April 28, 2004, the state district court of appeal per curiam affirmed the denial of relief in case no. 2D03-3931. (Exh. 19) Bonner v. State, 875 So. 2d 600. The mandate issued May 25, 2004. (Exh. 20).

Case no. 91-1201CFAES  Unexpired Convictions

Bonner was convicted after a jury trial of burglary and four counts of sexual battery. On January 19, 1992, he was adjudicated guilty in accordance with the verdicts and sentenced to consecutive sentences aggregating to 60 years incarceration. Bonner's direct appeal from his trial-based judgment ended in a silent affirmance in case no. 93-00640 on June 1, 1994. Bonner v. State, 641 So. 2d 870 (Fla. 2d DCA 1994)[table]. Rehearing was denied July 1, 1994. The mandate issued August 4, 1994.

Bonner filed a June 10, 1996, rule 3.850 pro se motion for postconviction relief that was denied. Bonner appealed the summary denial. On March 11, 1998, the state district court of appeal per curiam affirmed, in a written decision, in case no. 97-5008. Bonner v. State, 709 So.2d 131 (Fla. 2d DCA 1998).

By then, Bonner had obtained relief from his consecutive habitual offender sentence via a January 20, 1998, pro se petition alleging ineffectiveness of appellate counsel in case no. 98-00272 in a February 26, 1998, unpublished opinion. Bonner v. State, 709 So.2d 131, 132 (Fla. 2d DCA 1998)[table]. On remand, he was resentenced to concurrent 30-year sentences as a habitual violent felony offender. He again appealed, this time unsuccessfully. On April 7, 2000, the state district court of appeal per curiam affirmed in case no. 98-3953. Bonner v. State, 758 So. 2d 675 (Fla. 2d DCA 2000)[table]. His rehearing motion was stricken as untimely.

On August 16, 2000, Bonner filed a pro se 3.800(a) motion to correct illegal sentence which was summarily denied. On February 9, 2001, the summary denial was initially affirmed per curiam without written decision in case no. 00-4143. Rehearing was

granted, and the summary denial was reversed on a sentencing claim. Bonner v. State, 793 So. 2d 19 (Fla. 2d DCA 2001)(defendant's previous convictions for aggravated battery and throwing a deadly missile into a vehicle were improperly used to qualify defendant as habitual violent felony offender). The mandate issued June 4, 2001. Bonner did not appeal the second resentencing occurring September 19, 2002.

Previously, in a February 26, 2001, pro se state petition for writ of habeas corpus, Bonner attacked his appellate counsel's representation in his appeal from the first resentencing. The state district court of appeal denied the petition without elaboration on May 14, 2001, in case no. 2D01-642. Bonner v. State, 790 So.2d 412 (Fla. 2d DCA 2001)[table].

Bonner filed a September 10, 2003, pro se rule 3.850 motion, which was denied as successive and untimely. Following denial of rehearing, he appealed. The summary denial was affirmed in case no. 2D04-1290 on October 8, 2004.  On August 2, 2004, Bonner signed the present petition for writ of habeas corpus.

## DISCUSSION

A review of the record demonstrates that Bonner's petition must be dismissed for because this Court does not have subject matter jurisdiction. Bonner challenges the expired plea-based 1991 convictions arising of the Sixth Judicial Circuit, Pasco County, Florida. (Doc. No. 1 at 2)  This Court does not have subject matter jurisdiction to consider his claims as they pertain to his 1991 expired convictions. As shown by the procedural history, Bonner fully served his sentences on these convictions before the present petition was filed. Thus, he is no longer "in custody" as a result of those convictions for purposes of 28 U.S.C. §

2254(a). See Maleng v. Cook, 490 U.S. 488, 492 (1989) (holding petitioner is not "in custody" under a conviction after the sentence has expired just because the prior conviction is used to enhance a subsequent sentence).

As also shown by the procedural history above, prior to entry of his 1991 pleas to convictions on which he has served his sentences, Bonner was arrested for offenses which were separately charged in case no. 91-01201CFAES. Bonner was convicted after a jury trial of burglary with assault and four counts of sexual battery in that case, for which he is currently serving 30 year-prison terms. Bonner has completed his service on his plea-based judgments, and absent behavior that could subject him to forfeiture of gain time on the expired sentences, Bonner has no remaining obligation on those sentences.

Bonner's expired convictions are no longer open to direct or collateral attack in their own right and are conclusively valid. Therefore, Bonner is precluded from claiming the expired convictions were later used to enhance his unexpired sentences under § 2254 on the ground that the prior convictions was unconstitutionally obtained. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403 (2001). In Lackawanna, the Supreme Court held that once a state conviction is no longer open to direct or collateral attack in its own right because the petitioner failed to pursue those remedies while they were available (or because he or she did so unsuccessfully), the conviction may be regarded as conclusively valid. 532 U.S. at 403-04. Therefore, if that conviction is later used to enhance a criminal sentence, a habeas petitioner generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained. Id.

Accordingly, the Court orders:

That Bonner's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Bonner and to close this case.

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 31, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
James Norman Bonner